# Houston County *v.* Henry County.

*Bill to Enjoin an Action at Law Between Counties for the Collection of a Debt Alleged to be Due on Account of a Detached Portion of One of Them.*

(Decided Nov. 19, 1908.   47 South. 710.)

1. *Counties; Creation of New County from Others; Adjustment of Property; Statutory Provision.*—Under sections 125, Code 1907, and 1399, Code 1896, a county to which is attached a portion of another county is liable to such other county for its proportionate amount of the existing debts of the county from which the portion was detached,

[Houston County v. Henry County.]

regardless of the assets of the other county or its ability to pay; and the county to which is attached such portion of another county, in the absenec of statutory provisions is not entitled to share in the other county's general fund, in the absence of a showing that such general fund, or a part thereof, had been specifically collected for the payment of the debt, or had been put in a sinking fund for that purpose.

2. *Words and Phrases; Existing Debts.*—The term, existing debts, as used in section 124, Code 1896, means anything then owing by the county from which a portion is detached, regardless of its assets or ability to pay.

APPEAL from Henry Chancery Court.

Heard before Hon. LUCIAN D. GARDNER.

Bill by Houston County against Henry County. Demurrer to the bill was sustained, and complainant appeals. Affirmed.

The allegations made by the bill are that the Legislature of 1903 created the county of Houston out of the counties of Henry, Dale, and Geneva, and described the part of Henry county which was cut off and made a part of Houston. It alleges that Henry county, through its proper officers, had determined and ascertained what proportion of its indebtedness should be paid by that part of Houston which was cut off from Henry, and had ascertained the amount to be $6,630.43, and had requested the county of Houston to issue its certificate of indebtedness for that amount, and, upon the refusal of Houston county to do so, had begun its suits. in the circuit court of Houston county to recover such alleged indebtedness. The bill further alleges that, at the time of the creation of Houston county, Henry county owed debts approximating $10,000, and that she had in her treasury to the credit of the general fund the sum of $13,000, and in its special fund more than $1,000 making a total of assets over liabilities of $4,000. The amended bill prays, first, that the court adjudge and decree that said certificate of indebtedness in the sum

of $6,630.43 be declared void and of no effect, and done without authority of law; that section 1398, Code 1896, be declared to fasten no liability on the county of Hous ton, because the terms of the said section of the Code do not purport to fasten liability on the county of Hous· ton, but on the individuals cut off from said county of Henry; but if complainant is mistaken, and the foregoing relief cannot be granted it, complainant further prays that the said county of Henry be required to account for all the money in its treasury on the day or at the time Houston county was formed or created, as against any debt or debts that the said respondent might owe, at the time Houston county was formed, in a settlement with the respondent as to respondent's pro rata amount of the entire indebtedness due by Henry county; that Henry county, in ascertaining the pro rata amount of the debt due to it by Houston county, shall be required to consider and use in its calculations all of the said money that was in the treasury on the day that Houston county was formed, and, before ascertaining or certifying that any amount was due by Houston county to it, that all of the money that was in its treasury on the day of the formation of Houston county be accounted for as against the debts due by Henry county; that it .may be further adjudged and decreed that there was more money in the treasury of Henry county at the time Houston county was formed than Henry county owed, and that therefore the said county of Houston is not indebted to the said county of Henry in any sum as its pro rata share of the debts of Henry county. A reference is asked for to ascertain the amount in the treasury of the county of Henry at the time of the formation of Houston county, and, if it shall appear that there was more money in the treasury of Henry county on the day that Houston county was formed than there

were debts against Henry county on that date, that it be decreed and adjudged that Houston county owed Henry county nothing as its pro rata share. The demurrers raised the questions discussed in the opinion, and also that the complainant had a plain and adequate remedy at law.

ESPY & FARMER, for appellant. Appellant contends that the word, debt, as used in section 124, Code 1907, means what Henry county owed on the day that Houston county was formed, after deducting from the total amount of indebtedness the amount of money then in the Henry county treasury; and this being true, then Houston county owed Hery county nothing.—7 A. & E. Ency of Law, 918; *Blount v. London,* 8 Baxter, 74; *Curituck County v. Dare County,* 79 N. C. 561.

P. A. McDANIEL, for appellee. No part of the funds of Henry county passed to Houston county at its formation.—*Askew v. Hale County,* 54 Ala. 639; *Chambers County v. Lee County,* 55 Ala. 534; *Wyndham v. Portland,* 4 Mass. 389; *Hampshire v. Franklin,* 16 Mass. 76; *North Hempstead v. Hempstead,* 2 Wend. 109; 11 Cyc. 354; 1 Dillon Munic. Corp. 270. The claim is a stale demand and cannot be collected.—Sec. 145, Code 1907, 46 Ala. 118; 47 Ala. 407; 48 Ala. 433; 52 Ala. 159; 55 Ala. 534.

ANDERSON, J.—The general rule, with reference to the liability of a county to which territory is attached for debts of the county from which it was detached, as well as to any claims to property owned by the old county before the formation of the new one, is well stated in 11 Cyc. p. 357, and is as follows: "In the absence of express provision to the contrary, transferred territory

loses all claim to share in the property belonging to the county from which it is taken, and is relieved of the indebtedness resting upon the latter, except in the case of debts contracted before the separation and which are a lien upon the detached teritory; but it incurs the liabilities and shares in the property of the county to which it is attached, and is equally subject to assessment and taxation for that purpose. Where a portion of the territory of one county is annexed to another, the county gaining territory neither acquires any rights nor comes under any obligations to the county losing it, unless the legislative act so provides." Section 124 of the Code of 1907, which is in the same language as section 1398 of the Code of 1896, provides that, in case of the formation of a new county, the inhabitants cut off from any county are liable in law or equity for the payment of the pro rata amount of the existing debt of the counties from which they have been severed. Section 1399 of the Code of 1896 makes provision for the ascertainment and collection of said indebtedness, and, construed in the case of *Chambers Co. v. Lee Co.,* 55 Ala. 534, renders the new county liable for said indebtedness and subject to a suit for same, upon a failure to comply with said statute. It is true that section 1399 of the Code of 1896 has undergone a change as section 125 of the Code of 1907; but as Houston county was formed before the adoption of the last Code, and as this bill was also filed prior to said adoption, we must deal with the question under the statute as it existed before the change in the Code of 1907.

We think "existing debts," as referred to in the statute, meant anything then owning by the old county. regardless of its assets or ability to pay same, and that, in the absence of a statutory provision, the new county was not entitled to participate in the general fund of

[Houston County v. Henry County.]

the old county, in the absence of an averment that it or a part thereof had been specifically collected for the payment of the bonds or had been applied to a sinking fund for that purpose. The bill does not set out any facts that would authorize a deduction from the complainant's indebtedness to Henry county. Acts 1888-89, p. 136, did not require a sinking fund, but merely provided for it, in the discretion of the commissioners' court, and there is no averment that said court levied a sinking fund tax for the purpose of paying said bonds. The Supreme Court of North Carolina, in passing on this question in the case of *Dare Co. v. Currituck Co.,* 95 N. C. 187, held that "where a statute creating a new county provided that such new county should pay its pro rata of the debt of the county to which its territory formerly belonged, but the statute contained no provision giving it any interest in the property of the old county, the new county was not entitled to its pro rata of the proceeds of the sale of certain stock owned by the old county, although the debt of the old county was in fact to pay for the stock. We think that our own statute fixes a liability upon the new county for its pro rata of the debt of the old county existing at the time of the formation of said new county, but fails to authorize it to share in the funds of the old county. It may be inequitable to require the new county to bear its share of the burdens and not allow it to share in a surplus on hand; but this was a question for legislative consideration, and we must construe the statute as it is, and not as we think it should be. Whether the Legislature had a good reason for failing to allow a deduction of funds on hand from the indebtedness of the old county, and the omission was intentional, or the failure was due to inadvertence, we do not know. The relief, however, if any there be, must be sought through the legislative, rather than the judicial, department.

[Willis v. Rice, et al.]

As to whether or not the new county shall, under section 124, look only to the inhabitants cut off of Henry county, or all of its inhabitants, for indemnity, we need not decide, as this question is not involved.  Nor does the bill, as amended, present the apportionment of taxes accruing during the year of the formation of the new county, as provided by section 127 of the Code of 1907, as the assignment of error relates to the decree upon the demurrers to the amended bill, and not the original bill.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.