# Houston County *v*. Henry County.

## *Injunction.*

(Decided June 30, 1909. 50 South. 311.)

*Counties; Alteration of Boundaries; Liability.*—If it be con-ceded that sections 1398 and 1399, Code 1896, operate only upon those of the inhabitants taken from one county and placed in another, and inapplicable to the new county as a corporate entity, such de-fense is available at law, and hence, a bill by a new county to en-join the old county from proceeding to collect such claim cannot be supported in equity upon that theory.

APPEAL from Henry Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Houston County against Henry County to enjoin the prosecution of a suit to collect money alleged to be due Henry County, for a portion of Houston Coun-ty taken therefrom. From a decree sustaining demur-rers to the bill, complainant appeals. Affirmed.

ESPY & FARMER, for appellant. The authority for bringing the suit sought to be enjoined was found in sections 124, Code 1907. Under this statute Houston county as a whole is not liable to Henry county for the pro rata share of the indebtedness that the inhabitants residing in the territory that was detached from Henry

[Houston County v. Henry County.]

county, and put into Houston county is due to Henry county, nor can Houston county be sued for the debt. If this is not true, then the inhabitants residing in that portion of Houston county that was detached from Dale and Geneva counties, would be compelled to pay a debt that they were in no manner liable for, which would render the statute unconstitutional.—7 A. & E. Ency. of Law, 918; *Trinity County v. Polk County*, 58 Tex. 321; *Blount County v. Loudon County*, 8 Bax. 74; *Currituck County v. Dare County*, 79 N. C. 506.

P. A. McDANIEL, for appellee. The demurrers to the bill were properly sustained.—*Houston County v. Henry County*, 47 South. 710; *Askew v. Hale County*, 54 Ala. 649; *Chambers County v. Lee County*, 55 Ala. 534; 11 Cyc. 354; *Wyndham v. Portland*, 4 Mass. 389. See also.—16 Conn. 149; 10 How. 511; 2 Wend. 109; 1 Dillon Mun. Corp. sec. 185.

DENSON, J.—This is the second appeal in this cause by the respondent. The material facts of the case are stated in the report of it on the former appeal.—157 Ala. 246, 47 South. 710. The present appeal is taken from a decree sustaining the demurrer to the bill as last amended.

The theory of the bill, and the sole insistence of the respondent (appellant), is that sections 1398 and 1399 of the Code of 1896 should be declared not applicable to the county of Houston as a corporate entity; the precise point being that these sections should be so interpreted as to make them apply to the inhabitants of that particular part of Houston county which was, in its formation, taken from Henry county. It is the opinion of the court that there is nothing in the bill as last amended that differentiates it in any material particu-

[Houston County v. Henry County.]

lar from the bill as it stood and was passed upon on the former appeal.—*Houston County v. Henry County*, 157 Ala. 246, 47 South. 710. It was then said, in substance, that Houston county was not entitled to share any way in the moneys, of whatever fund, in the treasury of Henry county at the time of the creation of the new county of Houston—citing 11 Cyc. 357. So it would seem that, even under the general prayer for relief, the bill cannot be maintained upon the doctrine of equitable set-off.

It was, in the opinion on the former appeal, further said that "existing debts," as applied to the county from which a part of Houston was taken, meant anything then owing by such county, regardless of its assets or of its ability to discharge the existing debts. Manifestly the bill as last amended does not bring the case within the exceptions adverted to in that opinion. There is nothing in the bill looking to an accounting; nor are there any facts stated going to show that an equitable accounting should be had. Even if it were true, as contended for the appellant, that the statutes are not applicable to the county, but operate only upon those of its inhabitants in that part of its territory taken from the county of Henry, that defense would be available in a court of law. Hence, and for this reason, the bill is without equity, and the demurrer to the bill as last amended was properly sustained.

Let the decree of the chancellor be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, MAYFIELD, and SAYRE, JJ., concur.